### GAY et ux. v. ALMA PETROLEUM CORPORATION.
#### No. 4609½.

Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1935.

Houston & Johnson, of Dallas, for appellants.

C. E. Florence and Edwin M. Fulton, both of Gilmer, and Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., for appellee.

HALL, Justice.

This suit was instituted in the district court of Upshur county by E. W. Gay and wife, appellants, against the Alma Petroleum Corporation, appellee, for damages arising from the failure of appellee to properly develop certain land of appellants for oil and gas, the mineral lease on which was held by appellee. Appellants alleged that the first well drilled on their land should have been 150 feet from their west boundary in order to properly protect their land from drainage by a well located as an offset to their land on the west. Their well No. 1 was located and drilled 300 feet from the west boundary. Appellants alleged, further, that locating said No. 1 well 300 feet from the west boundary placed the same less than 200 feet from their main residence, in violation of the express terms of the mineral lease. They alleged also that extra large slush pits were constructed; that land adjacent to said well was unnecessarily roughed up; that the drilling of well No. 1 created a nuisance and interfered with their peace and quietude, on account of which they were forced to move; that the slush pit broke over, damaging their dwelling and water well. The appellee answered by general denial, and further that no notice of said damages, as required by the terms of the mineral lease, had been given to appellee; that well No. 1 was located and drilled at its present site by agreement of appellants and appellee.

The tract of land involved herein contains 5½ acres and has on it at this time two oil wells.

This case was submitted on special issues to a jury, and from adverse findings and judgment rendered thereon this appeal is perfected.

In the beginning we will state that the appellee on January 6, 1935, made a motion to file a supplemental transcript in this cause, bringing forward its answer filed January 2, 1933, upon which it went to trial. Said motion is granted, and this opinion is based upon said answer as well as upon other matters in the record.

The appellants in their brief bring forward three assignments of error, each complaining of the trial court's submitting issue No. 1 to the jury, which special issue is as follows: "Did the plaintiff, E. W. Gay, consent or agree for well No. 1 on his place to be drilled at the place where it was drilled?" Answer of the jury: "Yes."

Appellants contend it was error to submit special issue No. 1, because: (1) There was no pleading to support it; (2) the lease on the land in controversy contained the provision that no well was to be drilled closer than 200 feet to the appellants' residence, and a parol agreement to vary or modify this provision of the lease comes within the inhibition of the statute of frauds; and (3) if said issue were submitted it should have contained the phrases "was consent in writing" given by lessors "before the drilling thereof." We do not think any of the objections to special issue No. 1 are well taken. The proof showed that the Railroad Commission had notified the appellee that within a very short time it would restrict development in the East Texas oil field to one well to 20 acres. This fact was made known to the appellants. Appellee's agents and witnesses unequivocally stated that, after this information was received, they and the appellant E. W. Gay discussed the matter of locating well No. 1; that at first the said Gay opposed the location of said well as fixed by appellee, insisting that same should not be more than 150 feet from his west boundary line, but finally agreed to the present location of said well, 300 feet from appellants' west line, and less than 200 feet from his residence. This testimony was contradicted by Gay and some members of his family; thus it became a disputed issue of fact which the court properly submitted to the jury in special issue No. 1.

The appellants had the right to waive any provision of the mineral lease which they had given, even the payment of rentals. A waiver is defined as follows: "A waiver occurs when one in possession of any right, whether conferred by law or by contract, with

full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it." 67 C. J. p. 291, par. 1.

In the case of Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575, 578, the court says: "The contract was for a period of ten years, but subject to be determined upon the happening or nonhappening of certain contingencies. One of the prescribed conditions was that the lessees, in order to continue the contract in force, should within the first year give written notice to the lessors of their intention to keep the contract alive. Whether this condition be a condition precedent or a condition subsequent is a question which is not necessary for us to decide at this time, but it is sufficient to say that as between the two the law favors the latter. 8 R. C. L. § 156, p. 1098, under general title of 'Deeds.' If the contract in question be construed as a conveyance of an estate in lands for a period of ten years, subject to forfeiture upon the failure of the lessees to perform certain conditions, one of which is the notice to lessors of the lessees' intention to keep alive the lease, such condition might be waived by the party not in default; but whether in this case it was waived is a question to be determined by the trial court when the case is tried on its merits."

With reference to the complaint that special issue No. 1 is not supported by the pleadings, there is no merit. The answer appellee brought forward in the supplemental transcript, and upon which it went to trial, plainly alleges an agreement on the part of appellants to place well No. 1 where it was actually drilled. This agreement appellants had the absolute right to make. If they wanted to waive the provision of the mineral lease that required the appellee to refrain from drilling a well nearer than 200 feet of their residence, they could do so; but, if Gay agreed to the present location of well No. 1, which the jury found he did, then he could not recover damages on account of its location, even though same was within 200 feet of his dwelling and 300 feet from his west line.

It occurs to us that appellants' land is well developed for oil. As stated before, this tract contains 5½ acres and has two producing wells on it. An adjoining tract of 8 acres has but two oil wells, and another adjoining tract of 10 acres has but three oil wells.

And, further, as shown by the statement of facts without any contradiction, the tract of land involved herein has produced more oil per well than either the 8-acre tract or the 10-acre tract.

Finding no error in the record, the judgment is in all things affirmed.